**SILVERSIDE HOME MART, INC., a corporation of the State of Delaware,
Plaintiff,**

v.

**H. Earl HALL et al., Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted June 27, 1975.

Decided Sept. 19, 1975.

**428**

Robert L. Thomas, Murdoch & Walsh, P.A., Wilmington, for plaintiff.

Charles M. Allmond, III, Allmond & Wood, Wilmington, for defendants.

## OPINION

O'HARA, Judge.

Silverside Home Mart, Inc. ("Plaintiff"), a building supply business, contracted with Harvey E. Hall, Inc. ("HEH"), defendant corporation, lessee of individual defendants H. Earl Hall and Delores Hall ("the Halls") for certain supplies. HEH allegedly failed to pay all of the amount due and owing to plaintiff for the supplies, and plaintiff seeks a money judgment against HEH and, in addition, a mechanics' lien against the structure owned by the individual defendant lessors, the Halls. This is defendants' motion to dismiss the action with respect to all defendants on the basis that the affidavit of demand is insufficient and that the structure is not subject to a mechanics' lien because HEH, as lessee, did not have the prior written consent of the lessor to make the repairs.

■ Mechanics' liens are purely statutory remedies, and requirements under the statutes are to be strictly construed. *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.,* Del.Supr., 276 A.2d 267 (1971). However, an extreme requirement of compliance has been frowned upon. Chief Justice Southerland, in *Warner Co. v. Leedom Const. Co.,* Del.Supr., 97 A.2d 884 (1953), stated:

"We must also deprecate the tendency to construe the mechanics' lien statute with excessive strictness on the ground that the statute 'is in derogation of the common law'. This rule is of little aid to construction in modern times."

This approach has been followed in *State v. 62.96247 Acres of Land in New Castle County,* Del.Super., 193 A.2d 799 (1963).

The mechanics' lien statute requires that when a personal action and a mechanics' lien are filed with respect to the same incident, an affidavit of demand be filed "setting out the demand in each of the suits and stating to what extent the respective demands are identical". 25 Del.C. § 2725. Plaintiff's affidavit states in pertinent part, "[t]hat the above-named Defendant Harvey E. Hall, Inc. ('HEH') through its acceptance of improvement materials from Plaintiff Silverside Home Mart, Inc. and the above-named Defendants H. Earl Hall and Delores N. Hall ('the Halls') husband and wife, through their ownership of the property improved by Harvey E. Hall owe Silverside Home Mart, Inc. the sum of Two Thousand, Two Hundred, Ninety Dollars and Sixty-Nine Cents ($2,290.69), the amount demanded aternatively from HEH and from the Halls; . . .". Defendants argue that the affidavit must be more specific and differentiate between the *in personam* and *in rem* claims.

Affidavits of demand and defense are discussed in Wooley on Delaware Practice, § 244. The statute with respect to mechanics' liens requires an affidavit of defense, 25 Del.C. § 2716, and in the case of a combined *in personam* and *in rem* action, an affidavit of demand. The affidavit of defense required by § 2716 has been held to be required for the reasons given by Wooley with respect to affidavits of demand and defense generally, that is, to insure speedy litigation by requiring a sworn statement that there is a just and legal defense to an action. *Miller v. Master Home Builders, Inc.,* Del.Super., 239 A.2d 696

(1968); *First Federal Sav. & L. Assn. of Phila. v. Damnco Corp.,* Del.Super., 310 A. 2d 880 (1973).

■ The affidavit in this case recites the factual basis for each demand and states the demand as a monetary amount. The action against HEH would, if successful, result in a judgment for that amount. The mechanics' lien action against the Halls would, if successful, result in a lien against the real estate for the amount specified. The demands were identical in that the amount requested of each defendant was the same. The affidavit was attached to the complaint which, in the prayer spelled out specifically the nature of the demands in each case, and informed the defendants of the fact that both an *in rem* and an *in personam* proceeding were being instituted. The purpose of the requirement is, it would seem, to inform each defendant of the extent of his alleged liability. This was done in the affidavit, and the nature of the form of the liability was clearly recited in the prayer of the complaint.

■ The Halls suggest that there is the possibility of a personal judgment against them due to the nature of the affidavit of demand. A necessary element for personal liability is a contractual relationship between the defendants and the plaintiff. *Westinghouse Elec. Co. v. Franklin Institute of Pa.,* Del.Super., 21 A. 2d 204 (1941). There is no contract alleged to have existed here between the Halls and plaintiff, nor has plaintiff even asked for a personal judgment against the Halls. It follows, therefore, that no such judgment could be obtained against the Halls in the present posture of the pleadings in this action.

■ Plaintiff does, however, seek to hold the Halls liable for the amount demanded, via a mechanics' lien. The Halls

owned and leased the property that HEH contracted to improve. In order to hold a lessor responsible for the alteration or repair of, or addition to, the property leased, there must be prior written consent by the lessor that the lessee may contract for such work. 25 Del.C. § 2722. If there is no such prior consent, the action will fail. *McHugh Electric Co. v. Hessler Realty & Develop. Co.,* Del.Supr., 129 A.2d 654 (1957).

■ Liens obtainable for labor or materials done at the insistance of a tenant are a special category of liens. In connection with another special category, liens on improvement to land, it has been held that the consent must be alleged in the pleadings. *Whittington v. Segal,* Del.Super., 193 A.2d 534 (1963). In that case a tenant contracted to have a driveway paved on the land the tenant was leasing. The late Judge Lynch, in determining if the contract necessary for owner liability for improvements of land existed, stated:

> "After a study of the statute, I rule, in a case such as is here presented, that Sections 2703 and 2712 of Title 25 Del.Code must be read together; and that, in my opinion, would require the statement of claim to allege or refer, at least to the kind of written contract required by Title 25 Del.C. § 2703."

Another case, also dealing with 25 Del.C. § 2703, *Jones v. Julian,* Del.Super., 188 A.2d 521 (1963)*, held that "since no 'contract in writing, signed by the owner or owners thereof', together with the remaining required portions of the cited statutory section, is pleaded it would appear plaintiff cannot further maintain his action". Substituting another special class of mechanics' liens, for labor or supplies contracted for by the tenant, involved in those cases for improvements to land, it would appear the same approach and, therefore, the same re-

---

* *Jones v. Julian,* Del.Supr., 195 A.2d 388 (1963) reversed on other grounds.

sult should obtain. Plaintiff here failed to allege that any prior written consent had been given by the Halls, lessors, to HEH, lessee. Defendants allege that no prior written consent existed. In a similar situation, where a responsive affidavit tended to show there was no triable issue of fact, the court held that it was for plaintiff to disclose any evidence it had which would have disclosed the existence of a genuine issue of fact. *Frank C. Sparks Co. v. Huber Baking Co.*, Del.Supr., 96 A.2d 456 (1953); *Jones v. Julian,* supra.

Plaintiff contends that to the extent that HEH may have acted as a general contractor for the Halls, the relationship of lessor-lessee becomes immaterial and, therefore, § 2722 becomes inapplicable. However, even a cursory reading of 25 Del.C. § 2722 indicates an intention that that section be applicable *whenever* a landlord-tenant relationship exists. It states,

> "Nothing contained in this subchapter shall be construed to render property liable to liens under this chapter . . . when such property has been altered, added to or repaired by or at the [insistence] of any lessee or tenant, without the prior written consent of the owner or his duly authorized agent."

■ Therefore, § 2722 is applicable to the facts at bar, and prevents plaintiff from maintaining the mechanics' lien action against the Halls. Plaintiff may continue its action with respect to HEH, however. *Lance Roofing Co. v. Globe-Union, Inc.,* Del.Super., 180 A.2d 746 (1962).

For the reasons set forth, the Court concludes that defendants' motion to dismiss the mechanics' lien action against H. Earl Hall and Delores N. Hall should be granted but defendants' motion to dismiss the *in personam* action against the defendant corporation, Harvey E. Hall, Inc., should be denied.

It is so ordered.