**KING CONSTRUCTION, INC., Plaintiff Below, Appellant,**

v.

**PLAZA FOUR REALTY, LLC, Defendant Below, Appellee.**

No. 84, 2009.

Supreme Court of Delaware.

Submitted: June 24, 2009.
Decided: July 15, 2009.

Robert J. Leoni, Esquire, Shelsby & Leoni, Stanton, DE, for appellant.

David Roeberg, Esquire, Roeberg, Moore & Friedman, P.A., Wilmington, DE, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The plaintiff-appellant, King Construction, Inc. ("King"), appeals from the final judgment of the Superior Court dismissing King's statement of claim for a mechanics' lien against property owned by the defendant-appellee, Plaza Four Realty, LLC ("PFR"). The Superior Court granted PFR's motion to dismiss because the statement of claim: first, failed to allege that PFR provided prior written consent to the contract between King and PFR's tenant; second, failed to allege the time when the provision of labor or materials was completed; and third, was filed prematurely because King had not yet completed performance of the labor or made a final delivery of materials under the contract.

In this appeal, the appellant argues that the Superior Court should not have dismissed its claim because title 25, section 2712(b) of the Delaware Code[1] does not require a statement of claim for a mechanics' lien to allege that the property owner gave prior written consent; or the date of completion of the work, if the work is not yet completed when the statement of claim is filed. The appellant also argues that a statement of claim may be filed before the work is completed.

We conclude that where construction work is performed on leased property pursuant to a contract with the tenant, the Delaware Mechanics' Lien Statute requires that a statement of claim allege, *inter alia,* that: the tenant obtained the property owner's prior written consent; and "the date of completion of the labor performed or of the last delivery of materials furnished." Failure to allege the property owner/lessor's written consent or the date of completion, or filing a statement of claim before completion, renders the statement of claim incomplete and requires dismissal of the claim. Accordingly, the final judgment of the Superior Court must be affirmed.

### Facts

King is a general construction contractor based in Baltimore, Maryland. PFR is a limited liability company that owns property in Newark, Delaware. PFR leased its property at 721 E. Chestnut Hill Road in Newark to Alpha Baptist Church a/k/a Alpha Worship Center, Inc. ("AWC"), with the lease term commencing on January 1, 2007. AWC intended to renovate the building on the property to use as a church.

On December 8, 2006, before the lease term commenced, the manager of PFR sent the New Castle County Department of Land Use a notarized letter authorizing AWC to obtain a demolition permit or building permit for its renovation project.[2] On December 20, 2006, AWC entered a construction contract with King to perform the renovations for a lump sum of $1,185,000.

King began furnishing labor and materials for the AWC renovations on January 22, 2007. On March 1, 2007, AWC direct-

---

1. Del.Code Ann. tit. 25, § 2712(b).

2. The parties dispute whether AWC obtained PFR's prior written consent to the construction on the property.

ed King to focus its construction efforts on the more critical parts of the project and to stop work on the less critical portions, because AWC was experiencing financial difficulties. During the renovations, AWC also issued various change orders directing King to add certain work to and delete other work from the contract. The changes reduced the sum of the contract by $156,056.23 to a revised sum of $1,028,943.77.

King alleges that AWC refused to pay King certain amounts it owed under the contract upon proper requests for payment from King. Specifically, King claims that the value of the labor and materials it provided under the contract was $967,992.51 and that the value of the work remaining to be performed was $60,951.26. King claims that AWC has only paid $671,194.42 and still owes King $367,749.35 under the contract.

### Mechanics' Lien Claim

On August 31, 2007, King filed a statement of claim in the Superior Court, seeking a mechanics' lien for $367,749.35 against PFR's property at 721 E. Chestnut Hill Road. King also sought a personal judgment in the same amount against AWC. The statement of claim did not allege that PFR had given prior written consent to the construction and did not mention the December 2006 letter from PFR's manager to the Department of Land Use. The statement of claim did not allege a date on which the performance of labor was completed or on which the last delivery of materials was supplied. Instead, it stated that King continued to perform labor and to supply materials to the property, and that the value of the work remaining to be completed was $60,951.26. The work remained uncompleted at the time this appeal was filed.

After King filed its statement of claim, King and AWC entered into a payment plan agreement in which AWC agreed to make periodic payments to King. King stated in its opening brief in this appeal that it still needs the mechanics' lien to secure its position under the payment plan agreement.

On May 29, 2008, PFR filed an answer to King's statement of claim. The answer included an affidavit of defense with a copy of the lease between PFR and AWC. PFR asserted that it had not given prior written consent "to the repairs and alterations to the property requested by and contracted for by the Tenant."

### Motion to Dismiss

On June 19, 2008, PFR filed a motion to dismiss the statement of claim. PFR argued that the statement of claim should be dismissed because: first, King failed to allege that PFR gave prior written consent to the construction; second, King filed its statement of claim prior to the completion of the work; and third, King failed to allege the date on which the work was completed.

On September 2, 2008, King filed its response in opposition to the motion to dismiss. King asserted that PFR had given prior written consent to the construction when it sent the letter to the Department of Land Use authorizing AWC to "obtain a demolition and/or building permit and a change of use permit" for the property. King filed a copy of the December 2006 letter as an exhibit to its response.

King also argued that section 2712(b) of the Mechanics' Lien Statute [3] does not require that a statement of claim contain an allegation that the property owner gave prior written consent to construction con-

---

**3.** *See* Del.Code Ann. tit. 25, § 2712(b).

tracted for by the tenant and, therefore, its failure to allege prior written consent did not render the statement of claim defective. In addition, King argued that it could not include the completion date in the statement of claim because the work to be performed under the contract was not completed. King also contended that the statement of claim for a mechanics' lien could be filed prior to the completion of the work, as long as it was not filed more than 120 days following the completion of the work, under the applicable limitations period provided in section 2711(b).

### Superior Court Judgment Motion to Dismiss Granted

On September 29, 2008, the Superior Court issued a written opinion adopting PFR's position and dismissing the statement of claim without prejudice.[4] King sought an interlocutory appeal to this Court, which was denied.[5] On February 5, 2009, in accord with its written opinion, the Superior Court entered a final judgment dismissing the statement of claim pursuant to Superior Court Civil Rule 54(b). This is King's direct appeal.

In the beginning of its opinion granting the motion to dismiss, the Superior Court explained that it had considered converting the motion to dismiss into a motion for summary judgment but declined to do so. Superior Court Civil Rule 12(b)(6) requires a motion to dismiss to be treated as a motion for summary judgment under Superior Court Civil Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." PFR's motion to dismiss did not rely on materials outside the pleadings.

King's response, however, referred to the December 2006 letter to the Department of Land Use, which was attached to the response as an exhibit. The Superior Court decided that it would not convert the motion to dismiss to a motion for summary judgment because it did not need to consider King's exhibit (the December 2006 letter) to reach a decision on the alleged pleading defects. The Superior Court concluded that it would consider PFR's motion to dismiss "as styled."[6]

The Superior Court then reached the merits of the parties' arguments. The Superior Court noted at the outset that the Mechanics' Lien Statute must be strictly construed because mechanics' liens are in derogation of the common law; and explained that the statement of claim must comply with all applicable statutory requirements. The court stated that to obtain a mechanics' lien, "a plaintiff must affirmatively show that 'every essential statutory step in creation of the lien has been followed.'"[7]

The Superior Court concluded that King's statement of claim failed to comply with both the pleading and timing requirements for obtaining a mechanics' lien. Specifically, the Superior Court determined that the statement of claim failed to plead prior written consent of the property owner, as required by the statute. The court explained that, "[a]lthough not explicitly referenced in the pleading requirements of § 2712, the statutory require-

---

4. *King Constr., Inc. v. Plaza Four Realty, LLC,* 2008 WL 4382798 (Del.Super.Ct. Sept. 29, 2008).

5. *King Constr., Inc. v. Plaza Four Realty, LLC,* 2008 WL 5264665 (Del.Supr. Dec. 19, 2008).

6. *King Constr., Inc. v. Plaza Four Realty, LLC,* 2008 WL 4382798, at *2 (Del.Super.Ct. Sept. 29, 2008).

7. *King Constr., Inc. v. Plaza Four Realty, LLC,* 2008 WL 4382798, at *2 (quoting *Lakewood Builders, Inc. v. Vitelli,* 1987 WL 10533, at *1 (Del.Super.Ct. Apr. 29, 1987)).

ment of prior written consent has long been construed by Delaware courts to impose a pleading requirement upon that 'special class of mechanics' liens[ ] for labors or supplies contracted for by the tenant." [8]

The Superior Court held that the plaintiff must both plead and prove the owner's prior written consent to obtain a mechanics' lien. Although King's statement of claim alleges that the construction contract was between King and AWC, it does not allege that PFR gave prior written consent. The Superior Court concluded that King's statement of claim "therefore must fail for neglecting to plead the existence of prior written consent." [9]

King argued that prior written consent is not one of the pleading requirements listed in section 2712 and need not be pleaded. The Superior Court disagreed, stating that King's argument "ignores the relevant case law and assumes without basis that § 2712 constitutes an exhaustive and exclusive catalog of all pleading requirements for mechanics' liens." [10] The court noted that even if the December 2006 letter from the manager of PFR to the Department of Land Use could constitute prior written consent, King failed to allege consent in the pleadings and only mentioned the letter in its response to PFR's motion to dismiss. Therefore, the court could not consider the letter as evidence of prior written consent.

The Superior Court also concluded that King's statement of claim failed to plead a completion date and, therefore, was filed prematurely before King finished supplying labor or materials. The court explained that a plaintiff who has furnished labor or materials under a contract with a tenant is considered a subcontractor and subject to section 2711(b),[11] which requires a plaintiff to "file a statement of [its] respective claims within 120 days from the date [of] completion of the labor performed or from the last delivery of materials furnished." [12] The pleading requirements of section 2712(b)(6) provide that the statement of claim must set forth "[t]he time when the doing of the labor or the furnishing of the materials was finished." [13] The statement of claim must allege a finishing date, the Superior Court concluded, because that date is needed to determine when the statute of limitations began to run.[14]

The Superior Court noted that the Delaware legislature had removed the requirement in section 2711(a) that contractors who have contracted directly with the owner of property wait 90 days after completing the construction work before filing a mechanics' lien.[15] Left in place, however, is the current section 2711(b), which requires that claims filed by subcontractors or contractors who contract with a tenant be filed within 120 days from the date of completion of the labor performed or from

---

**8.** *Id.* at *3 (citing *Silverside Home Mart, Inc. v. Hall*, 345 A.2d 427, 429–30 (Del.Super.Ct.1975); *Lakewood Builders, Inc. v. Vitelli*, 1987 WL 10533, at *2).

**9.** *Id.* (citing *Lakewood Builders, Inc. v. Vitelli*, 1987 WL 10533, at *2).

**10.** *Id.*

**11.** *Id.* (citing Del.Code Ann. tit. 25, § § 2702, 2711).

**12.** *Id.* (citing Del.Code Ann. tit. 25, § 2711(b)).

**13.** *Id.* (citing Del.Code Ann. tit. 25, § 2712(b)(6)).

**14.** *Id.* (citing *Poole v. Oak Lane Manor, Inc.*, 118 A.2d 925, 926 (Del.Super.Ct.1955), *aff'd*, 124 A.2d 725 (Del.1956)).

**15.** *Id.* at *4.

the last delivery of materials furnished.[16] As the Superior Court explained, "by removing the 90–day waiting period for contractors under § 2711(a), the legislature did not also implicitly intend to eliminate the stated requirement under § 2711(b) that completion of labor or material deliveries precede filing." Rather, "[a] straightforward reading of the statute makes clear that the provision of labor or materials must be finished before a § 2711(b) plaintiff can file a mechanics' lien action."[17] Moreover, the 120–day time period required for section 2711(b) must be "calculated from the date of completion of the labor performed or from the last delivery of materials furnished."[18]

Applying the plain language of section 2711(b), the Superior Court held that King's statement of claim was filed prematurely.[19] King conceded in its statement of claim that it was "continuing to supply labor and materials to the project." Because neither "the completion of the labor performed" nor "the last delivery of materials" had occurred, the Superior Court held that the 120–day filing period under section 2711(b) had not begun to run.

The Superior Court concluded that its holding was consistent with the language of section 2711(b) and with the Superior Court's decision in *E.J. Deseta HVAC Services v. Conaty.*[20] In *Deseta*, the Superior Court applied "parallel language in revised § 2711(a) stating that a contractor 'shall file his statement of claim within 180 days after the completion of such structure' " to bar a claim that was filed before the structure was "complete."[21] The Superior Court explained that in *Deseta*, the court noted that the principle that the Mechanics' Lien Statute must be strictly construed extends to requiring filing *"within prescribed times."*[22] Therefore, the Superior Court concluded, "a claimant must observe not just the ending date of the statutory period, but its starting point as well."[23]

Consequently, a plaintiff seeking a mechanics' lien under section 2711(b) must await the completion of labor or the final delivery of materials before filing an action for a mechanics' lien. Because King's statement of claim failed to plead a completion date, the Superior Court concluded that King's statement of claim was defective and was filed prematurely. Accordingly, the Superior Court granted PFR's motion to dismiss and dismissed King's statement of claim without prejudice.[24]

### Standard of Review

■■■ This Court reviews the Superior Court's grant of a motion to dismiss *de novo* to "determine whether the trial judge erred as a matter of law in formulating or applying legal precepts."[25] Dismissal is

**16.** *Id.* (citing Del.Code Ann. tit. 25, § 2711(b)).

**17.** *Id.* The court explained that the straightforward, unambiguous language in the statute must be given its intended effect. *Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Mundorf,* 659 A.2d 215, 220–21 (Del.1995)).

**18.** *Id.* (citing S.B. 130, 140th Gen. Assem. (Del.1999) (synopsis)).

**19.** *Id.* *4–5.

**20.** *Id.* at *4 (citing *E.J. Deseta HVAC Servs. v. Conaty,* 2005 WL 1950799, at *2–3 (Del.Super.Ct. July 29, 2005)).

**21.** *Id.* (citing *E.J. Deseta HVAC Servs. v. Conaty,* 2005 WL 1950799, at *3).

**22.** *Id.* (quoting *E.J. Deseta HVAC Servs. v. Conaty,* 2005 WL 1950799, at *3).

**23.** *Id.*

**24.** *Id.* at *4–5.

**25.** *Gantler v. Stephens,* 965 A.2d 695, 703 (Del.2009); *see Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d 434, 438 (Del.2005).

appropriate only if "it appears with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[26] In reviewing the grant of a motion to dismiss, we view the statement of claim in the light most favorable to the non-moving party, accepting as true its well-pled allegations and drawing all reasonable inferences that logically flow from those allegations.[27]

### Construction Contract with Tenant Statement of Claim for Mechanics' Lien Must Allege Prior Written Consent of Owner

In this appeal, King contends that the Superior Court erred when it dismissed King's statement of claim for failure to allege that PFR gave prior written consent to the construction work on the property. King argues that no such requirement appears in section 2712(b) of the Mechanics' Lien Statute.[28] Accordingly, King submits that construing the statute to impose such a requirement would be unreasonable and unwarranted.

■ A mechanics' lien proceeding is entirely statutory in origin.[29] Because such actions are in derogation of the common law, Delaware courts have consistently held that the Mechanics' Lien Statute must be "strictly construed and pursued."[30] The Mechanics' Lien Statute appears in title 25, chapter 27 of the Delaware Code.[31] It sets forth the procedure for obtaining and enforcing a mechanics' lien.

Title 25, section 2702(a) provides that "any person having performed or furnished labor or material, or both, to an amount exceeding $25 in or for the erection, alteration or repair of any structure, in pursuance of any contract, express or implied, with the owners of such structure or with the agent of such owner or with any contractor ... [may] obtain a lien upon such structure and upon the ground upon which the same may be situated or erected."[32] To enforce a mechanics' lien, section 2711(b) provides that a contractor who has made a contract with a tenant of leased property, rather than directly with the owner of the property, must "file a statement of their respective claims within 120 days from the date from the completion of the labor performed or from the last delivery of materials furnished by them respectively."[33] Section 2712(b) pro-

**26.** *Gantler v. Stephens,* 965 A.2d at 703; *see Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d at 438–39.

**27.** *Gantler v. Stephens,* 965 A.2d at 703; *see Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d at 439.

**28.** Del.Code Ann. tit. 25, § 2712(b).

**29.** *Builders' Choice, Inc. v. Venzon,* 672 A.2d 1, 2 (Del.1995) (citing *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.,* 276 A.2d 267, 268 (Del.1971)).

**30.** *Id.* (citing *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.,* 276 A.2d at 268); *Dep't of Comty. Affairs & Econ. Dev. v. M. Davis & Sons, Inc.,* 412 A.2d 939, 942 (Del.1980) (citing *Iannotti v. Kalmbacher,* 156 A. 366, 368 (Del.Super.Ct.1931)).

**31.** Del.Code Ann. tit. 25, §§ 2701–2737.

**32.** Del.Code Ann. tit. 25, § 2702(a).

**33.** Del.Code Ann. tit. 25, § 2711(b). Subsection (a) governs the time for filing a statement of claim when the contractor "[h]as made a contract directly with the owner or reputed owner of any structure" and "[h]as furnished both labor and material in and for such structure, or has provided construction management services in connection with the furnishing of such labor and material." Del.Code Ann. tit. 25, § 2711(a). Subsection (a) does not apply in this case because King did not contract directly with PFR.

vides the required elements for a statement of claim for a mechanics' lien.[34] It states that "the statement of claim shall set forth" the following:

(1) The name of the plaintiff or claimant;

(2) The name of the owner or reputed owner of the structure;

(3) The name of the contractor and whether the contract of the plaintiff-claimant was made with such owner or his agent or with such contractor;

(4) The amount claimed to be due ...;

(5) The time when the doing of the labor or the furnishing of the materials was commenced;

(6) The time when the doing of the labor or the furnishing of the material or the providing of the construction management services was finished, except that:

  a. With respect to claims on behalf of contractors covered by § 2711(a) of this title, the date of the completion of the structure, including a specification of the act or event upon which the contractor relies for such date, and

  b. With respect to claims on behalf of other persons covered by § 2711(b) of this title, the date of completion of the labor performed or of the last delivery of materials furnished, or both, as the case may be, or a specification of such other act or event upon which such person relies for such date.

(7) The location of the structure with such description as may be sufficient to identify the same;

(8) That the labor was done or the materials were furnished or the construction management services were provided on the credit of the structure;

(9) The amount of plaintiff's claim (which must be in excess of $25) and that neither this amount nor any part thereof has been paid to plaintiff;

(10) The amount which plaintiff claims to be due him on each structure.

(11) The time of recording of a first mortgage, or a conveyance in the nature of a first mortgage, upon such structure which is granted to secure an existing indebtedness or future advances provided at least 50% of the loan proceeds are used for the payment of labor or materials, or both, for such structure.[35]

■ In addition, section 2722 provides for a "special category" of mechanics' liens when the labor is performed or the materials are furnished pursuant to a contract with a tenant, and the plaintiff seeks a lien on the owner's interest in the property.[36] Section 2722 provides:

Nothing contained in this subchapter shall be construed to render property liable to liens under this chapter for repairs, alterations or additions, when such property has been altered, added to or repaired by or at the instance of any lessee or tenant without the prior writ-

---

**34.** Del.Code Ann. tit. 25, § 2712(b).

**35.** Del.Code Ann. tit. 25, § 2712(b); *see also Snow v. MAP Constr.,* 2008 WL 116205, at *4–5 (Del.Super.Ct. Jan. 11, 2008) (stating that "to have a valid lien, the plaintiff must make 'an affirmative showing that *every essential statutory step* in creating of the lien has been followed' " and specifying the eleven requirements set forth in section 2712(b) that must

be pleaded with particularity to obtain a mechanics' lien) (emphasis in original).

**36.** Del.Code Ann. tit. 25, § 2722; *see Silverside Home Mart, Inc. v. Hall,* 345 A.2d 427, 429 (Del.Super.Ct.1975) (stating that "[l]iens obtainable for labor or materials done at the insistence of a tenant are a special category of liens").

ten consent of the owner or his duly authorized agent.[37]

Accordingly, in order for a plaintiff to hold the property owner responsible for unpaid alterations, repairs or additions to the leased property, the plaintiff must have obtained the owner's prior written consent to the tenant entering into the construction contract. "If there is no such prior consent, the action will fail." [38]

More than fifty years ago, in *Silverside Home Mart, Inc. v. Hall*, the Superior Court determined that the statement of claim must allege that the owner gave prior written consent to the construction contract between the plaintiff and the tenant.[39] The Superior Court reasoned that "[l]iens obtainable for labor or materials done at the instance of a tenant are a special category of liens," [40] and explained that sections 2712(b) and 2722 must be read together and required the statement of claim to allege prior written consent of the owner.[41] Therefore, the Superior Court granted the property owner's mo-

tion to dismiss the mechanics' lien action because the statement of claim did not allege the owner's prior written consent.[42] Thirty years later, in *Lakewood Builders, Inc. v. Vitelli*, the Superior Court applied the same reasoning and held that before a lien for a tenant's improvements on leased property will attach, section 2722's requirement of prior written consent must be pleaded and proven.[43]

Section 2712 provides eleven requirements that the "statement of claim shall set forth." [44] Section 2722 clearly states that where the labor is performed or materials are furnished at the request of the tenant, the prior written consent of the owner is necessary for the plaintiff to obtain a mechanics' lien on the property.[45] We conclude that in order for a statement of claim to state a cause of action for a mechanics' lien on leased property improved at the request of the tenant, the statement of claim must allege that all eleven of the section 2712(b) requirements

37. Del.Code Ann. tit. 25, § 2722.

38. *Silverside Home Mart, Inc. v. Hall*, 345 A.2d at 429 (citing Del.Code Ann. tit. 25, § 2722; *McHugh Elec. Co. v. Hessler Realty & Dev. Co.*, 129 A.2d 654, 660 (Del.1957)).

39. *Silverside Home Mart, Inc. v. Hall*, 345 A.2d at 429.

40. *Id.* The Superior Court based its reasoning on two previous Superior Court decisions involving another special category of mechanics' lien governed by title 25, section 2703. *Id.* at 429–30. A lien based on section 2703 arises solely on improvements to land and requires a prior written contract signed by the owner and containing certain required terms for a mechanics' lien to attach to the land. *See* Del.Code Ann. tit. 25, § 2703.

41. *Id.* at 429–430 (citing *Jones v. Julian*, 188 A.2d 521, 523 (Del.Super.Ct.1963) (stating that title 25, section 2703 "is applicable, and since no 'contract in writing, signed by the owner or owners thereof,' together with the

remaining required portions of the cited statutory section, is pleaded it would appear plaintiff cannot further maintain his action")), *rev'd on other grounds*, 195 A.2d 388 (Del. 1963); *Whittington v. Segal*, 193 A.2d 534, 537 (Del.Super.Ct.1963) (stating that "[a]fter a study of the statute, I rule, in such a case as is here presented, that Sections 2703 and 2712 of Title 25 ... must be read together; and that, in my opinion, would require the statement of claim to allege or refer, at least to the kind of written contract required by Title 25 Del.Code § 2703").

42. *Id.* at 430.

43. *Lakewood Builders, Inc. v. Vitelli*, 1987 WL 10533, at *2 (Del.Super.Ct. Apr. 29, 1987) (citing *Silverside Home Mart, Inc. v. Hall*, 345 A.2d at 430; *McHugh Elec. Co. v. Hessler Realty & Dev. Co.*, 129 A.2d at 660).

44. Del.Code Ann. tit. 25, § 2712(b).

45. Del.Code Ann. tit. 25, § 2722.

*and* the section 2722 prior written consent requirement have been met.

■ We agree with the well-reasoned opinions of the Superior Court in *Silverside* and *Lakewood.* Accordingly, we hold that where the plaintiff contracts with the tenant for construction on leased property, the plaintiff must allege in its statement of claim for a mechanics' lien that the owner of the property gave its prior written consent to the work.[46] In this case, King did not allege PFR's prior written consent in its statement of claim.

■ King argues that PFR's December 2006 letter to the Department of Land Use constituted prior written consent. But, King first raised the issue of the letter not in its pleading, but in its response to PFR's motion to dismiss. Matters outside the pleadings may not be considered upon a motion to dismiss under Superior Court Civil Rule 12(b)(6).[47] Accordingly, the Superior Court correctly granted PFR's motion to dismiss King's statement of claim for failure to plead prior written consent, as required by section 2722.

■ King's argument that dismissal of its claim is an unreasonable construction of the Mechanics' Lien Statute is unavailing. Because King did not raise that argument in the Superior Court, it is deemed waived and cannot be considered on appeal.[48]

### Construction Contract with Tenant Statement of Claim for Mechanics' Lien Must Allege Date Work Was Completed

■ In this appeal, King also contends that the Superior Court erred when it dismissed the statement of claim for failure to allege the date upon which King's work on the project was completed, and for being filed prematurely. King argues that filing its statement of claim prior to the completion of work under the contract

**46.** *Silverside Home Mart, Inc. v. Hall*, 345 A.2d 427, 429–30 (Del.Super.Ct.1975); *Lakewood Builders, Inc. v. Vitelli*, 1987 WL 10533, at *2.

**47.** Del.Super. Ct. Civ. R. 12(b)(6); *Reeder v. Wagner*, 2006 WL 3501664, at *2 (Del.Super.Ct. Dec. 4, 2006) (citing *Pfeiffer v. Price*, 2004 WL 3119780, at *2 (D.Del. Dec. 27, 2004)).

**48.** Del.Supr. Ct. R. 8. Even if King had not waived the argument, it lacks merit. King relies on *Ro Ran Corp. v. DiStefano*, in which the Superior Court acknowledged the pleading requirement that prior written consent be alleged, but decided that the requirement would lead to an unreasonable or unwarranted result if applied to the facts of that case. *Ro Ran Corp. v. DiStefano*, 1987 WL 12431, at *3 (Del.Super.Ct. June 15, 1987). In that case, the defendant was both the owner of the land and president of the corporation that leased the property. The tenant corporation contracted with the plaintiff to furnish labor and materials to the property. When the tenant corporation failed to pay the plaintiff, the plaintiff filed a statement of claim for a mechanics' lien against the tenant corporation's interest in the property. The plaintiff did not allege prior written consent of the owner in its statement of claim. The court declined to dismiss the statement of claim, despite the deficiency. The court explained that "[t]o require a corporation represented by its President to get the written consent of its President before entering a contract could be an unreasonable construction *considering these special facts." Id.*, at *3 (emphasis added). While we express no opinion as to whether the Superior Court had the power to use its discretion in that manner, *see Builders' Choice, Inc. v. Venzon*, 672 A.2d 1, 2 (Del.1995) (stating that "[t]he court cannot assume to arrogate to itself the power to make a lien and thereby to destroy the provisions of the statute") (quoting *E.J. Hollingsworth Co. v. Continental–Diamond Fiber Co.*, 175 A. 266, 268 (Del.Super.Ct.1934)), we note that the special facts present in *Ro Ran* are not present in this case. PFR is the owner of the property and AWC is the tenant. The only relationship between PFR and AWC is landlord and tenant. They are distinct entities with separate owners.

causes no unfairness or prejudice to PFR. King also asserts that, because it has not yet completed work under the contract, it cannot state the date the work was completed. King argues that the Superior Court should have overlooked this pleading failure because the purpose of stating the completion date is to enable the court to determine whether the statement of claim was filed within the statute of limitations. Here, King claims, there is no statute of limitations issue because the time to file has not yet commenced.

King argues that a subcontractor may file a statement of claim before the furnishing of materials or performance of labor is completed. We disagree. The Mechanics' Lien Statute provides different filing-time requirements for contractors and subcontractors.[49] A plaintiff who has performed labor or furnished materials under a contract with a tenant is considered a subcontractor subject to section 2711(b).[50] Section 2711(b) provides:

> All other persons embraced within this chapter and entitled to avail themselves of the liens herein provided shall file a statement of their respective claims within 120 days from the date from the *completion of the labor performed or from the last delivery of materials furnished* by them respectively. For purposes of this subsection, and without limitation, a statement of claim on behalf of such person shall be deemed timely if it is filed within 120 days of either of the following:
> (1) The date final payment, including all retainage, is due to such person; or

(2) The date final payment is made to the contractor:
   a. Who has contracted directly with the owner or reputed owner of any structure for the erection, alteration or repair of same; and
   b. With whom such person has a contract, express or implied, for the furnishing of labor or materials, or both, in connection with such erection, alteration or repair.[51]

Section 2711 was amended in 1999.[52] Before its amendment, section 2711(a) imposed a timing "floor" for mechanics' liens filed by contractors. It required contractors to wait ninety days after completing a project before filing a claim. The 1999 amendments eliminated this floor for contractors and enlarged the time for filing a statement of claim in both subsections (a) and (b).[53] Although section 2711(b) never imposed a timing floor on mechanics' liens filed by subcontractors, the synopsis to the bill enacting the amendment clearly establishes that the General Assembly recognized, both before and after the 1999 amendments, that section 2711(b) contains a required beginning time and ending time for the period within which a subcontractor claimant must file a statement of claim.

The synopsis provides:

> Corresponding to the time limit changes regarding mechanics' lien action[s] filed by general or prime contractors, [the amendment to section 2711(b)] also enlarges from 90 to 120 days the time period *within which* a subcontractor or materialman must file a lien following the completion of the labor per-

---

49. *See* Del.Code Ann. tit. 25, § 2711.

50. Del.Code Ann. tit. 25, § 2711(b).

51. Del.Code Ann. tit. 25, § 2711 (emphasis added).

52. 72 Del. Laws ch. 203, sec. 2, § 2711 (1999) (codified as amended at Del.Code Ann. tit. 25, § 2711(2009)).

53. 72 Del. Laws ch. 203, sec. 2, § 2711(a), (b) (1999) (codified as amended at Del.Code Ann. tit. 25, § 2711(a), (b)).

formed or the materials furnished by them.

Finally, [the amendment to section 2711(b)] *clarifies when the time periods commence for filing liens by subcontractors or materialmen. The time periods within which a subcontractor or materialman must file a mechanics' lien are calculated from the date of completion of the labor performed or from the last delivery of materials furnished by them, respectively.* Although such dates usually are not difficult to determine, they may trigger the filing of a lien before the time established by the contract for final payment to the subcontractor or materialman or final payment to the general or prime contractor with whom the subcontractor or materialman has his contract. In such circumstances, [the amendment to section 2711(b)] allows the subcontractor or materialman to defer filing a lien until 120 days after either the date final payment is due him or the date when the general or prime contractor with whim he has a contract is finally paid.[54]

The language of section 2711(b), as amended, demonstrates that the General Assembly intended that the right of subcontractors to obtain a mechanics' lien would not be triggered until *after* the furnishing of materials or performance of labor is completed.[55] This reading is reinforced by the requirement in section 2712(b)(6) that a statement of claim by persons covered by section 2711(b) must set forth "the date of completion of the labor performed or of the last delivery of materials furnished, or both, as the case may be, or a specification of such other act or event upon which such person relies for such date."[56]

As we stated in *Builders' Choice, Inc. v. Venzon:*

> The right to 'obtain a lien' is subject to certain 'restrictions, limitations and qualifications.' ... These statutory requirements are positive and substantial in character. It follows, therefore, that if the statement of claim fails to meet the requirements of the statute, the right to the lien is not implemented.[57]

In this case, neither "the completion of the labor performed" nor "the last delivery of materials" had occurred to trigger the start of the 120 day filing period under section 2711(b). Instead, King alleged in its statement of claim that it "is continuing to supply labor and materials to the Project." Accordingly, the statement of claim was filed prematurely.

The decision of the Supreme Court of New Mexico, cited by King, is distinguishable. In *Allsop Lumber Co. v. Continental Casualty Co.,* the plaintiff provided materials to the general contractor pursuant to a written contract.[58] The plaintiff commenced furnishing the materials on October 22, 1959, and finished furnishing the

**54.** S.B. 130, 140th Gen. Assem. (Del.1999) (synopsis).

**55.** *See E.J. Deseta HVAC Servs., Inc. v. Conaty,* 2005 WL 1950799, at *3 (Del.Super.Ct. July 29, 2005) (finding that parallel language in the revised section 2711(a), stating that a contractor "shall file his statement of claim within 180 days after the completion of such structure," barred a claim instituted before the structure was "complete" and noting that the principle that the Mechanics' Lien Statute must be strictly construed extends to required filing *"within* prescribed times").

**56.** Del.Code Ann. tit. 25, § 2711(b)(6)(b.).

**57.** *Builders'Choice, Inc. v. Venzon,* 672 A.2d 1, 2 (Del.1995) (quoting *E.J. Hollingsworth Co. v. Continental–Diamond Fiber Co.,* 175 A. 266, 268 (Del.Super.Ct.1934)).

**58.** *Allsop Lumber Co. v. Continental Cas. Co.,* 73 N.M. 64, 385 P.2d 625 (1963).

materials on July 29, 1960.[59] The plaintiff filed an action for a mechanics' lien for the unpaid materials on December 21, 1960, alleging that "both projects were completed on or about October 31, 1960." [60] The law in New Mexico at the time gave all lien claimants other than the original contractor the same time period for filing a lien. The law provided that "every person, save the original contractor claiming the benefit of this article, must within ninety days after completion of any building, improvement or structure ... file his claim." [61]

In *Allsop*, the trial court granted the plaintiff a mechanics' lien. On appeal, the appellant argued that the plaintiff had filed its claim for a lien prematurely on December 21, 1960, because the two projects were not actually completed until December 22, 1960, and April 4, 1961.[62] The Supreme Court of New Mexico concluded that the statute did not fix the date the project was completed as a floor, before which time no lien could be filed:

> As we read the requirement that the filing be within 90 days "after completion," a claim of lien filed before completion would amount to substantial compliance. We do not read the language as limiting the time both before and after completion, but merely fixing a date after performance of the claimant's contract after which filing will not be timely. To hold otherwise would put upon a creditor a most onerous responsibility of determining the date of completion

which might be difficult to ascertain with any degree of certainty. It might also delay for prolonged periods the time at which a lien could be filed, and then require that it be done precisely within the 90–day limitation period. No such meaning was intended, and it would serve no beneficial purpose to make such a requirement.[63]

The concerns in *Allsop* are not present in this case. First, the Supreme Court of New Mexico explained that New Mexico's mechanics' lien law "should be liberally construed and substantial compliance is all that is required to enjoy its benefits." [64] In contrast, Delaware courts have consistently held that the Delaware's Mechanics' Lien Statute must be "strictly construed and pursued." [65] Second, the Supreme Court of New Mexico's concern stemmed from its recognition that a claimant that had completed performance of its contract and was not involved in the completion of the building would have the "onerous responsibility of determining the date of completion of the building, which might be difficult to ascertain with any degree of certainty." [66]

In Delaware, such a claimant does not bear the responsibility of determining the date of completion of the building. Section 2711(b) provides that the claimant may file a statement of lien "within 120 days from the date from the completion of the labor performed or from the last delivery of

**59.** *Allsop Lumber Co. v. Continental Cas. Co.*, 385 P.2d at 630.

**60.** *Id.*

**61.** *Id.* (quoting N.M. Stat.1953 § 61–2–6 (1953)).

**62.** *Id.*

**63.** *Id.*

**64.** *Id.*

**65.** *Builders' Choice, Inc. v. Venzon*, 672 A.2d 1, 2 (Del.1995) (citing *Ceritano Brickwork, Inc. v. Kirkwood Indus., Inc.*, 276 A.2d 267, 268 (Del.1971)); *Dep't of Cmty. Affairs & Econ. Dev. v. M. Davis & Sons, Inc.*, 412 A.2d 939, 942 (Del.1980) (citing *Iannotti v. Kalmbacher*, 156 A. 366, 368 (Del.Super.Ct.1931)).

**66.** *Allsop Lumber Co. v. Continental Cas. Co.*, 385 P.2d at 630.

materials furnished by them respectively." [67]  Therefore, had the claimant in *Allsop* had the benefit of the Delaware Mechanics' Lien Statute, it would not have had to wait for the project to be completed.  The claimant could have filed its statement of claim as early as July 29, 1960, the date it finished furnishing the materials.  Even if section 2711(b) did require the claimant to wait until the project was completed, determining the date of completion is not an "onerous responsibility" under Delaware law.  Section 2711(a)(2) provides nine alternative benchmarks that can be used to determine when a structure is completed.[68]

Moreover, the claimant in *Allsop*, unlike King, had finished furnishing materials before filing its statement of claim and had alleged that date in its pleading.  Here, King seeks to enforce a mechanics' lien, in part, for work it did not complete.  King alleges in its statement of claim that it completed $967,992.51 in work and was paid $661,194.42.[69]  The difference between these amounts is $306,798.09.  Yet, King sought a lien on PFR's property in the amount of $367,749.35, which is $60,961.26 more than the cost of work performed by King and reflects the cost of work that remains unfinished under the contract between King and AWC, equal to $1,028,943.77.  As King concedes in its statement of claim, it "is continuing to supply labor and materials to the Project."  For these reasons, *Allsop* is distinguishable as a matter of fact and law.

Finally, King argues that because it has not yet completed work under the contract, it cannot plead the date such work was completed. King asserts that this failure should be overlooked.  We cannot do so.  As noted above, the time to file a statement of claim for a mechanics' lien has both a starting date and an ending date.  The statement of claim may not be filed until after the furnishing of materials or the performance of labor is completed.  Before that date, no cause of action has yet accrued under the Mechanics' Lien Statute.  Section 2712(b)(6) requires that this date must be set forth in the statement of claim.[70]  Because King's statement of claim fails to plead a finishing date in conformity with Section 2712(b)(6), the Superior Court properly dismissed the statement of claim.

### Conclusion

The final judgment of the Superior Court dismissing the statement of claim without prejudice is affirmed.

67.  Del.Code Ann. tit. 25, § 2711(b).

68.  Del.Code Ann. tit. 25, § 2711(a)(2); *see also* S.B. 130, 140th Gen. Assem.  (Del.1999) (synopsis) (explaining that the amendment to section 2711(a)(2) is meant "[t]o clarify when a structure is deemed completed for purposes of triggering the time period within which a mechanics' lien must be filed" and to clarify "when the time periods commence for filing mechanics' liens," because the "determination of when a structure is completed will often present some difficulty").

69.  King was paid an additional $10,000 after the statement of claim was filed.

70.  Del.Code Ann. tit. 25, § 2712(b)(6).