# IN THE CHANCERY COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No.: 2023-0847 FJJ |
| | ) | |
| NEW JERSEY MANUFACTURERS | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted: September 25, 2024
Decided: October 1, 2024

## OPINION AND ORDER
*On New Jersey Manufactures' Motion to Dismiss: DENIED*
*On Allstate Insurance Company's Motion for Summary Judgment:*
*GRANTED*

*Arthur D. Kuhl, Esquire and Martin D. Page, Esquire,* Reger, Rizzo & Darnall, LLP, Wilmington, DE, *Attorneys for Petitioner Allstate Insurance Company.*

*Nicholas E. Skiles, Esquire, and Brian P. Smith, Esquire,* Swartz, Campbell, LLC, Wilmington, DE, *Attorneys for Respondent New Jersey Manufacturers Insurance Company.*

**Jones, J.**[1]

---

[1] Sitting by designation of the Chief Justice pursuant to In Re: Designation filed pursuant to Del. Cons. Art. IV, §13(2), March 7, 2024.

On August 13, 2021, a motor vehicle collision occurred in Sussex County, Delaware between Joanne Dudsak ("Dudsak") and Christopher Koester ("Koester"). Dudsak is a New Jersey resident and was operating a New Jersey motor vehicle insured by New Jersey Manufacturers ("NJM") pursuant to a New Jersey motor vehicle policy. Koester is a Maryland resident and was operating a Maryland motor vehicle insured by Allstate Insurance Company pursuant to a Maryland motor vehicle policy.

NJM paid Personal Injury Protection ("PIP") benefits to its insured. NJM thereafter sought inter-company arbitration in Delaware pursuant to 21 *Del. C.* §2118(g). Allstate, in its opposition to the arbitration proceeding, stated its position as follows:

> NJM's policy was not issued pursuant to 21 *Del. C.* §2118. Therefore, NJM cannot seek recovery through arbitration. NJM's policy is from New Jersey and does not have rights to recovery.

> Under Delaware Statute, the vehicle needs to be registered in Delaware to have PIP subrogation rights. The initial filing of the petition with Arbitration Forms should not have been accepted. No arbitration award should be entered, and it is improper and contrary to the statute.

On May 15, 2023, the arbitrator ruled in favor of NJM, awarding the full amount and rejecting Allstate's argument that there was no authority for the arbitration to be considered.

1

Pursuant to 10 *Del. C.* §5714, Allstate has filed the instant Petition to Vacate the Arbitration Award that was entered on May 15, 2023. Allstate has moved for summary judgment on its Petition. NJM has filed a Motion to Dismiss maintaining Allstate lacks standing as the claim is not ripe and is moot. Both Motions have been fully briefed and are ripe for decision. I turn first to NJM's Motion to Dismiss.

An understanding of an insurer's subrogation rights under 21 *Del. C.* §2118 is necessary to appreciate the standing argument being made by NJM. Under 21 *Del. C.* §2118, an automobile insurance carrier, who pays Delaware no fault benefits, has limited rights to subrogation; §2118(g) sets forth those rights. Where a tortfeasor is insured by a carrier who has paid Delaware no fault benefits, the party can subrogate only against a tortfeasor's insurance carrier, and the subrogation is limited to any amounts left from the liability policy after settlement and/or judgment has occurred with the injured person. If an automobile liability carrier pays out its limits of coverage, then the no fault carrier has no right to subrogation. A liability carrier is permitted to honor and pay out a PIP subrogation claim before the claim with the injured person is resolved, subject to the right of the liability carrier to be reimbursed back from the PIP carrier for any amounts needed to fully cover the settlement or judgment with the injured person up to the liability policy limit.

2

On March 11, 2024, this Court held a status conference. At one point during the status conference, counsel for Allstate represented that it would tender its $100,000 policy limits to NJM's insured. It is this statement that forms the basis of NJM's Motion to Dismiss. According to NJM, there is no controversy between the parties because if Allstate tenders its policy limits, NJM agrees that any subrogation rights that it has are extinguished by the express provisions of §2118(g).

At the same status conference relied upon by NJM, the Court posed the very question of whether there was a real dispute, given the statement by counsel for Allstate that it was tendering policy limits. In response to this inquiry, counsel for Allstate advised that the intercompany arbitration issue is recurring, it needs a resolution by a court, and the underlying claim with the injured person will not be resolved by Allstate by a tender of policy limits until the issue of NJM's right to utilize §2118(g) is determined by a Court. On this record, a real dispute remains between the parties. Allstate has standing to prosecute this action at this time. NJM's Motion to Dismiss is **DENIED**. I now turn to the underlining merits of the dispute between these parties.

The first question that I must address is the standard of review that applies. In the original Petition filed to vacate the arbitration award, and in its Opening Brief in support of its Motion for Summary Judgment, Allstate maintained that its

basis for asking the Court to vacate the arbitration award was 10 *Del. C.* §5714(a)(3) of the Delaware Uniform Arbitration Act. This section provides that a party may have an arbitration award vacated where "the arbitrator exceeded his power, or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made."[2] When vacating an award on the basis of §5714(a)(3), the Court's review is narrow and the burden on the moving party is shown by strong and convincing evidence that the arbitrator exceeded his authority. In its Reply Brief, Allstate raised for the first time that it was moving to vacate the arbitration award based on the law of Substantive Arbitrability and §5714(a)(5) of the Delaware Uniform Arbitration Act. Section 5714(a)(5) provides that an award can be vacated where "there was no valid arbitration agreement, or the agreement to arbitrate had not been complied with, or the arbitrated claim was barred by limitation and the party applying to vacate the award did not participate in the arbitration hearing without raising the objection."[3] The Court allowed NJM to submit a supplemental brief on the applicability of Substantive Arbitrability and §5714(a)(5), which it did on August 31, 2024.

The principal argument raised by NJM in its Supplemental Brief is that Allstate waived its right to rely upon §5714(a)(5) because it was not raised in its

---

[2] 10 *Del. C.* §5714(a)(3).
[3] 10 *Del. C.* §5714(a)(5).

4

Petition nor its Opening Brief. This is not a situation where the factual record needs to be reopened as in *Stigliano v. Nosroc Corp.*[4] Nor is this a situation that implicates Supreme Court Rule 8.[5] This is a case where there are no genuine issues of fact, and the outcome is a legal question. It is a legal question that continues to reoccur. It requires an answer by this Court. For this reason, I DENY NJM's waiver argument and will address the merits.

Arbitrability questions arise when parties disagree about whether an arbitration agreement extends to a particular issue. Disputes concerning whether an arbitration agreement encompasses certain claims is a question of substantive arbitrability.[6] It is presumed that substantive arbitrability is an issue for judicial determination, unless there is clear and unmistakable evidence to the contrary.[7]

The cases addressing substantive arbitrability involve contractual agreements to arbitrate. The instant case involves a statute that requires arbitration under certain circumstances. From this Court's perspective, the law on substantive arbitrability applies equally to where a statute directs arbitration as opposed to contractual arbitration.

---

[4] 2006 WL 3492209 (Del. Super. Ct. 2006).
[5] *King Const., Inc. v. Plaza Four Realty, LLC*, 976 A.2d 145 (Del. 2009).
[6] *CSP N3 Sponsor, LLC et al v. Grossman*, 2023 WL 2445345 (Del. Super. 2023); *Donofrio v. Peninsula Healthcare Services., LLC*, 2022 WL 1054969 (Del. Super. 2022).
[7] *Id*.

Finding that the law of substantive arbitrability applies, the question becomes whether the presumption of judicial determination has been overcome. It has not. There is nothing in 21 *Del. C.* §2118 that addresses, or even touches upon, what topics are to be covered by arbitration versus a court. There is, however, §5714(a)(5) of the Delaware Arbitration Statute that offers guidance on this issue. Under §5714(a)(5), this Court can vacate an arbitration award "where… the arbitrated claim was barred by limitation and the party applying to vacate the award did not participate in the arbitration hearing without raising the objection." This statutory provision is consistent with the notion of substantive arbitrability. The provision allows this Court to review and vacate an arbitration award where it is alleged that the claim to be submitted to arbitration is limited and the party seeking to vacate the award objected to the limitations of the arbitrator from the outset.

This is exactly what happened in this case. Allstate participated in the arbitration hearing only to the extent that it challenged the jurisdiction of the arbitration. Therefore, the Court will review the arbitrator's decision under the substantive arbitrability standard and under §5713(a)(5). When that is done, the result is clear. The arbitrator's decision must be vacated.

Twenty-one *Del. C.* §2118 is the Delaware PIP statute. The Delaware PIP statute applies to owners of motor vehicles required to be registered in Delaware.

6

All Delaware registered vehicles must have minimum third-party liability coverage and first-party no fault coverage, unless §2118(f) applies. Section 2118(g) deals with the subrogation rights of carriers who pay PIP benefits and sets out what those rights are and how they shall be handled in the event of a dispute. Section 2118(g) provides that the dispute resolution process is by way of arbitration by the "Wilmington Auto Accident Reparation Arbitration Committee or its successors." Section 2118(g) deals with "insurers providing benefits in paragraphs (a)(1)-(4) of this section." Paragraphs (a)(1)-(4) apply to benefits provided to "owners of a motor vehicle required to be registered in this State." On its clear terms, §2118 applies only to owners of motor vehicles required to be registered in this State and to Delaware PIP benefits. The subrogation rights under subsection (g) are limited to the benefits that are described in the statute, which are Delaware based PIP benefits.

*Read v. Hoffecker*[8] dealt with §2118(h). Section 2118(h) prevents any eligible Delaware PIP payments from being admitted into evidence in any case against a tortfeasor. In *Read*, the Delaware Supreme Court addressed the question of whether §2118(h)'s evidentiary bar applied to PIP payments made by out of state insurers. The Court held that the bar did not apply to PIP payments by out of state insurers. In reaching its conclusion, the Delaware Supreme Court identified

---

[8] *Read v. Hoffecker*, 616 A.2d 835 (Del. 1992).

three classes of people covered by §2118: 1) any person injured while occupying a Delaware registered and insured motor vehicle; 2) any named insured of a Delaware motor vehicle injured while occupying a non-Delaware motor vehicle or alternatively struck as a pedestrian, by a non-Delaware motor vehicle; and 3) all pedestrians struck in Delaware by a Delaware registered and insured motor vehicle.[9] Not included in this list of persons protected under §2118 are out of state residents and their insurers because the statute simply deals with Delaware PIP benefits. Namely the jurisdiction is limited to Delaware PIP claims. Here, the claim submitted was a New Jersey PIP claim.

NJM in its papers does not address Allstate's argument that §2118 applies only to motor vehicles required to be registered in Delaware. Instead NJM argues that Allstate has waived any right to a jurisdictional challenge since it was not asserted in arbitration. Second, NJM maintains that there is a narrow scope of review under §5714. Under this standard of review, Allstate's petition must be denied.

As to NJM's waiver argument, this is simply not correct. In the instant case, Allstate, in its initial filing, challenged the jurisdiction of the arbitrator from the outset. The arbitrator ignored this challenge. This is not the situation like that in *GEICO v. State Farm Mutual Automobile Insurance Company*, where *GEICO*

---

[9] *Id.* at 837.

(the liability carrier) did not challenge the jurisdiction of the arbitrator's decision until after the arbitrator's decision.[10] Allstate challenged the arbitrator's limited authority from the outset.

Section 2118 applies only to motor vehicles required to be registered in Delaware. In the instant case, NJM insured a New Jersey resident under a New Jersey insurance policy. The benefits for which it seeks reimbursement are New Jersey PIP benefits. Section 2118(g) does not apply to non-Delaware PIP benefits. In its initial arbitration filing, Allstate challenged the jurisdiction of the arbitrator. On these facts, Allstate is entitled to vacate the arbitration award under §5714(a)(5).

Even if relief is not available under §5714(a)(5), Allstate is entitled to relief under §5714(a)(3).[11] NJM is certainly correct that under §5714 this Court's review is very narrow.[12] However, the instant record reflects that the arbitrator knew of the relevant legal principle or appreciated that this principle controlled the outcome of the dispute and disregarded it. The record reflects that Allstate made it clear to the arbitrator that Arbitration Forums had no authority to issue an award for an out-of-state policy and disregarded that very clear law. The arbitrator was wrong in accepting jurisdiction of the case. This evidence strongly and

---

[10] *GEICO v. State Farm Mutual Automobile Insurance Company*, 2019-0745 MTZ (2/10/23).
[11] *Id.*
[12] *Government Employees Insurance Company v. American Alternative Insurance Corporation*, 2019-0300 MTZ (2/14/23).

9

convincingly shows that the arbitrator exceeded his authority in awarding NJM its subrogation claim.

For the above reasons, NJM's Motion to Dismiss is **DENIED** and Allstate's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.


<u>/s/ Francis J. Jones, Jr.</u>
Francis J. Jones, Jr., Judge


cc:    File & Serve Xpress